NUMBER 13-05-164-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

JOE GUERRA, JR.,                                                                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 156th District
Court of Bee County, Texas.

 

MEMORANDUM OPINION 

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                            Memorandum
Opinion by Justice Garza                                   








Appellant, Joe Guerra, Jr., appeals his conviction
of possession of a firearm by a felon.  See
Tex. Pen. Code Ann. ' 46.04 (Vernon Supp. 2005).  Without the benefit of a plea agreement,
appellant pleaded guilty to the felony offense of felon in possession of a
weapon and pleaded true to the enhancement paragraph of the indictment.  See id.  The court found appellant guilty of the crime
as charged and found the enhancement paragraph to be true, thus enhancing the
offense to a second degree felony.  The
court assessed punishment at eight years' confinement.  See Tex.
Pen. Code Ann. ' 12.33 (Vernon 2003).  Appellant now appeals the judgment of the
trial court.  We affirm.

I.  Anders Brief

Appellant's counsel has filed an Anders brief
with this Court, in which he states that he has reviewed the record and
concludes that only one possible issue exists for appeal.  See Anders v. California, 386 U.S.
738, 744 (1967).  Counsel's brief further
concludes that the issue lacks merit and any appeal in this case would be
frivolous.  See id.  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc).  In compliance with High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully
discussed why, under controlling authority, there are no errors in the trial
court's judgment.  Counsel certifies that
he has served a copy of his brief on appellant and informed appellant of his right
to file a pro se brief.  More than thirty
days have passed and no pro se brief has been filed.  See Tex.
R. App. P. 38.6.            

 

II.  Sentencing

 








Appellant's counsel suggests that a possible issue
for appeal is that the trial court abused its discretion when it sentenced
appellant to eight years= incarceration. 
We review a sentence imposed by the trial court for abuse of
discretion.  Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc).  To preserve error for appellate review,
appellant must have made a timely, specific objection, at the earliest
opportunity, and obtained an adverse ruling on the sentencing issue.  Tex.
R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991) (en banc).  Appellant did not
object to the sentence imposed on any basis, including abuse of
discretion.  We find that he forfeited
any challenge to the sentence imposed in the case.  See Rhoades v. State, 934 S.W.2d 113,
119‑20 (Tex. Crim. App. 1996) (en banc). 
Moreover, the sentence assessed was within the statutorily permissible
range and was based on admissible evidence introduced at the sentencing
proceeding.  See Tex. Pen. Code Ann. ' 12.33 (providing range of two to twenty years= punishment for second degree felony plus a maximum
fine of ten thousand dollars); Mizell v. State, 119 S.W.3d 804, 806
(Tex. Crim. App. 2003); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973).  We find no arguable error in
the sentencing phase of the proceedings.

III.  Independent Review

 

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).  We have reviewed
the remainder of the record and find that the appeal is wholly frivolous.  See Stafford, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the
trial court.

IV.  Motion to Withdraw

 








In accordance with Anders, appellant's
attorney has asked permission to withdraw as counsel for appellant.  See Anders, 386 U.S. at 744.  We grant his motion to withdraw.  We further order counsel to notify appellant
of the disposition of this appeal and the availability of discretionary
review.  See Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

 

 

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 9th day of February, 2006.