# NOS. 12-08-00056-CR
# 12-08-00057-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NARAUDA JERMAINE THOMPSON,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Narauda Jermaine Thompson appeals his convictions for aggravated robbery and credit card abuse, for which he was sentenced to two concurrent terms of imprisonment. In one issue, Appellant argues that the sentence he received for his aggravated robbery conviction amounts to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by separate indictments with aggravated robbery[1] and credit card abuse. Appellant pleaded "guilty" as charged to each offense. Thereafter, a trial on punishment was conducted. Ultimately, the trial court sentenced Appellant to imprisonment for forty years for aggravated robbery and imprisonment for one year for credit card abuse. The trial court further ordered that Appellant's sentences run concurrently. This appeal followed.

---

[1] The indictment for this offense further alleged that Appellant used or exhibited a deadly weapon during the commission of or immediate flight from the offense. Appellant ultimately pleaded "true" to this deadly weapon allegation.

In his sole issue, Appellant contends that the forty year sentence imposed on him for aggravated robbery constitutes cruel and unusual punishment under both the Texas and United States constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); TEX. R. APP. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a) (Vernon 2003). The punishment range for such an offense is between five and ninety-nine years, or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b) (Vernon 2003). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. *Id.* Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506

U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estell***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—aggravated robbery—was far more serious than any of the offenses committed by the appellant in ***Rummel***, while Appellant's forty year sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it follows that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgments.

BRIAN HOYLE
Justice

Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)