James R. JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46358.

Court of Criminal Appeals of Texas.

June 13, 1973.

David P. Brown (Court appointed), Henderson, for appellant.

William L. Ferguson and Donald R. Ross, Asst. County Attys., Henderson, Jim Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by firearms. After the jury re-

turned a verdict of guilty, punishment was assessed by the court at twenty-five years.

After Floyd Rambin closed the Hays Enco Station in Mt. Enterprise on the night of December 9, 1971, a man identified as appellant approached Rambin and asked for change for a five dollar bill. Another man then held a gun at Rambin's back, and appellant ordered Rambin to open the station. Upon entry of the station, appellant held the gun while his companion removed the bottom part of the telephone receiver. Upon a demand for money, Rambin gave the robbers approximately seventy-five dollars which he had placed in the cash box shortly before closing the station.

Appellant contends that the court erred in overruling his written motion to hear evidence outside of the presence of the jury for the purpose of determining the admissibility of an in-court identification of appellant.

Appellant urges that in light of his having filed a written motion regarding the in-court identification, it became incumbent upon the court, under Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, to hold a hearing and make written findings upon the admissibility of the in-court identification.

In Martinez v. State, supra, this Court said that when an "in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned or the basis of a prior police station identification, then upon motion of defense counsel, a hearing should be held outside the presence of the jury," and, "For the purpose of appellate review, it would be better practice for the court to enter written findings or to state into the record following such hearing his reason for admitting such evidence, if he does."

■ It should first be noted that the constitutional right which appellant asserts here is not the privilege against self-incrimination and, therefore, the mandatory constitutional and statutory requirements that a hearing be held and the trial judge determine the admissibility of the evidence (confession) prior to its admission into evidence [1] is not applicable to the instant case. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

The constitutional right asserted by appellant springs from the Sixth and Fourteenth Amendment right to counsel after adversary judicial proceedings have been initiated against an accused. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

The requirements of counsel at the time of the lineup as announced in United States v. Wade, supra, and Gilbert v. California, supra, was held to be applicable only after the onset of formal prosecutorial proceedings in Kirby v. Illinois, supra (1972).

The court in *Kirby* went on to say that its holding was not meant to suggest that there may not be occasions during the course of a criminal investigation when the police do not abuse identification procedures, noting that it is always necessary to scrutinize any pretrial confrontation since the due process clauses of Fifth and Fourteenth Amendments forbid a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification.

1. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908 (1964); Lopez v. State, Tex.Cr.App., 384 S.W.2d 345;

Davis v. State (No. 45,911, 5/23/73); Art. 38.22, Vernon's Ann.C.C.P.

In the instant case, appellant's motion alleges that while appellant was under arrest and in jail in Nacogdoches County, and without benefit of counsel, an illegal lineup was held at which appellant "believes that said prosecuting witness, Floyd Oliver Rambin, Jr., tentatively identified this defendant as the person who allegedly robbed said witness . . .." The motion further alleged that the lineup was tainted, requested a hearing on the motion outside the presence of the jury and that the court make findings after such hearing.

■ Even though the motion does not reflect that formal charges had been filed against appellant at the time of the lineup, the trial court should have held a hearing on appellant's motion outside the presence of the jury. First, it would appear that a determination of whether formal charges had actually been filed would require such a hearing. Even though it not be contended that formal prosecutorial proceedings had begun, the court still should determine whether such identification at the jail or police station was violative of the requirements of due process.

In the instant case, a bill of exception reflects that appellant's motion was presented to the court after the identification witness Rambin was sworn and before he testified. The bill further reflects that after the court asked the prosecuting attorney if the State planned to ask Rambin about any pretrial identification and counsel for the State replied that the State would rely on an in-court identification and would not ask about any pretrial identification, the court overruled appellant's motion without hearing any evidence. Appellant made no effort to offer proof under the provisions of Article 40.09, Sec. 6(d)(1), V.A.C.C.P., so as to reflect what he intended to show if the court had granted his hearing out of the presence of the jury. Daniels v. State, Tex.Cr.App., 464 S.W.2d 368. Nothing was developed at the motion for new trial.

The only witness to testify at the trial was the victim Rambin. He testified that appellant was in his presence about ten minutes during the robbery, and that the lights were on in the service station during that time. On cross-examination, Rambin testified that he was not aided in identifying appellant by having seen him at times other than the robbery. In response to a question on cross-examination regarding whether he had seen appellant since the robbery, Rambin testified that "about a week or two weeks" after the robbery he saw appellant in the Nacogdoches jail; that appellant was with four other men in jail, one of whom was about the same size of appellant and two were smaller. Further cross-examination reflected that Rambin had picked appellant from a group of three pictures before he went to Nacogdoches and identified appellant.

In response to appellant's examination, the witness stated that he got glimpses of appellant during the robbery; that he was "one hundred per cent sure that this is the man," and that there was no question in his mind but what appellant was one of the robbers. It was further developed on cross-examination that the witness did not see anyone who appeared to be a lawyer with appellant in the Nacogdoches jail, nor did he hear anyone advise appellant that he had a right to a lawyer.

■ There is nothing in the record to reflect that formal charges had been filed when the witness identified the appellant in the Nacogdoches jail. Rambin was positive in his identification of appellant at the trial; he testified he had an opportunity to observe appellant at the time of the crime; there is nothing in the record to indicate that suggestive remarks were made at the lineup. Appellant urges that of the three other men in the lineup, only one was his size, and the two others were smaller. While it might be better practice to use persons in a lineup whose every feature matches, neither due process of law nor common sense requires such procedure. Ward v. State, Tex.Cr.App., 474 S.W.2d 471. We find nothing in the photographic identification prior to the lineup that was

suggestive to mistaken identification. The mere showing of pictures prior to a lineup is not a denial of due process. Daniels v. State, Tex.Cr.App., 464 S.W.2d 368; Evans v. State, Tex.Cr.App., 444 S.W.2d 641. The length of time between the offense and the lineup, "about a week or two weeks" would tend to negate misidentification.

We conclude that the record before us furnishes clear and convincing proof that the in-court identification was of an independent origin.

■ Appellant contends that the punishment of twenty-five years is excessive, unusual and cruel under the evidence of this case.

The penalty is within the range prescribed for robbery with a firearm under Art. 1408, V.A.P.C. We decline to hold that the punishment in the instant case is excessive, unusual and cruel. See Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Sills v. State, Tex.Cr.App., 472 S.W.2d 119; Darden v. State, Tex.Cr.App., 430 S.W.2d 494.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.