CASWELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-048-CR

JAMES WAYNE CASWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

James Wayne Caswell was arrested on October 17, 2003 after a search incident to a warrant was made of his residence and various items used in the manufacture of methamphetamine were discovered.  During the search, Caswell admitted that he manufactured approximately one ounce of methamphetamine per week for his and his girlfriend’s personal consumption.  Caswell entered a plea of guilty to the offense of manufacturing a controlled substance in the amount of four grams or more but less than 200 grams, and a jury assessed his punishment at ninety-nine years’ confinement and a fine of $10,000.  The trial court sentenced him accordingly.  Caswell argues that his sentence violates federal constitutional prohibitions against imposing a sentence grossly disproportionate to the crime.  We affirm the trial court’s judgment.

II. 
Cruel and Unusual Punishment
 
and Disproportionate Sentence

In his sole issue on appeal, Caswell contends that 
the punishment assessed against him was grossly disproportionate to the crime, in violation of the prohibitions against cruel and unusual punishment as set forth in the Eighth and Fourteenth Amendments of the United States Constitution. 

Generally, punishment assessed within statutory limits is not excessive, cruel, or unusual.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  A narrow exception to this rule is recognized where the sentence is grossly disproportionate to the offense.
  See Moore v. State
, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d); 
see also Harmelin v. Michigan
, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring); 
Solem v. Helm
, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3010-11 (1983); 
McGruder v. Puckett
, 954 F.2d 313, 316 (5th Cir.), 
cert. denied
, 506 U.S. 849 (1992).

The Supreme Court has identified three criteria to be used to evaluate the  proportionality of a particular sentence.  
See Solem
, 463 U.S. at 292, 103 S. Ct. at 3011.  They are (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions.  
Id
.  In addressing his Eighth Amendment claim, Caswell argues that there is uncertainty in the law regarding whether the strict three-part 
Solem 
test is viable in evaluating the issue of proportionality of a sentence after the Court’s opinion in 
Harmelin. 
 However, this court has previously chosen to follow the Fifth Circuit, which utilizes a modified 
Solem
 test.  
See Moore, 
54 S.W.3d at 542.  The test 
requires the court to initially make a threshold comparison of the gravity of the offense against the severity of the sentence.  
See McGruder
, 954 F.2d at 316.  Only upon a determination that the sentence is grossly disproportionate to the offense should the court consider the remaining
 Solem 
factors. 
 
Id
.

As will be discussed below, we hold that Caswell’s sentence falls within the statutorily prescribed limits and is not grossly disproportionate to his crime.  Accordingly, we do not decide what role, if any, the remaining factors of 
Solem
 play in Caswell’s disproportionality complaint.

Caswell was sentenced to ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice.  This sentence falls  within the range of punishment established by the legislature.  
See
 
Tex. Penal Code Ann
. § 12.32(a) (Vernon 2003).  Thus, the sentence must be grossly disproportionate to the offense in order to be deemed to have violated the Eighth and Fourteenth Amendments.  
See McGruder
, 954 F.2d at 316. 

Here, Caswell pleaded guilty to intentionally and knowingly manufacturing methamphetamine.  The record further shows (1) that a minor child was present at Caswell’s residence where controlled substances and components of methamphetamine production were found by police; (2) that later in response to a fire of suspicious origin at Caswell’s home, a police search produced additional evidence of possession and manufacture of methamphetamine; (3) that the residence was located close to a school; and (4) that there was constant traffic at all hours, in and out of Caswell’s house.  Thus, the jury had ample evidence from which to conclude that Caswell’s criminal activity was a threat to his community.  Therefore, we cannot conclude that his ninety-nine year sentence is grossly disproportionate to the offense.
(footnote: 2)  Accordingly, we overrule Caswell’s sole issue.

III. Conclusion

Having overruled Caswell’s issue, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt.  
Villalon v. State,
 791 S.W.2d 130, 132 (Tex. Crim. App. 1990).