COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-048-CR

 

 

JAMES WAYNE CASWELL                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 97TH
DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                        I.
Introduction








James Wayne Caswell was arrested on October 17,
2003 after a search incident to a warrant was made of his residence and various
items used in the manufacture of methamphetamine were discovered.  During the search, Caswell admitted that he
manufactured approximately one ounce of methamphetamine per week for his and
his girlfriend=s personal consumption.  Caswell entered a plea of guilty to the
offense of manufacturing a controlled substance in the amount of four grams or
more but less than 200 grams, and a jury assessed his punishment at ninety-nine
years=
confinement and a fine of $10,000.  The
trial court sentenced him accordingly. 
Caswell argues that his sentence violates federal constitutional
prohibitions against imposing a sentence grossly disproportionate to the
crime.  We affirm the trial court=s
judgment.

II. Cruel
and Unusual Punishment and
Disproportionate Sentence

In his sole issue on appeal, Caswell contends
that the punishment assessed against him was grossly disproportionate to the
crime, in violation of the prohibitions against cruel and unusual punishment as
set forth in the Eighth and Fourteenth Amendments of the United States Constitution.









Generally, punishment assessed within statutory
limits is not excessive, cruel, or unusual. 
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  A narrow exception to this rule is recognized
where the sentence is grossly disproportionate to the offense.  See Moore v. State, 54 S.W.3d 529, 542
(Tex. App.CFort Worth 2001, pet. ref=d); see
also Harmelin v. Michigan, 501 U.S. 957, 1004‑05, 111 S. Ct. 2680,
2707 (1991) (Kennedy, J., concurring); Solem v. Helm, 463 U.S. 277, 290‑92,
103 S. Ct. 3001, 3010‑11 (1983); McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992).

The Supreme Court has identified three criteria
to be used to evaluate the 
proportionality of a particular sentence.  See Solem, 463 U.S. at 292, 103 S. Ct.
at 3011.  They are (1) the gravity of the
offense and the harshness of the punishment, (2) the sentences imposed on other
criminals in the same jurisdiction, and (3) the sentences imposed for the same
offense in other jurisdictions.  Id.  In addressing his Eighth Amendment claim,
Caswell argues that there is uncertainty in the law regarding whether the
strict three-part Solem test is viable in evaluating the issue of
proportionality of a sentence after the Court=s
opinion in Harmelin.  However,
this court has previously chosen to follow the Fifth Circuit, which utilizes a
modified Solem test.  See
Moore, 54 S.W.3d at 542.  The test
requires the court to initially make a threshold comparison of the gravity of
the offense against the severity of the sentence.  See McGruder, 954 F.2d at 316.  Only upon a determination that the sentence
is grossly disproportionate to the offense should the court consider the
remaining Solem factors.  Id.








As will be discussed below, we hold that Caswell=s
sentence falls within the statutorily prescribed limits and is not grossly
disproportionate to his crime. 
Accordingly, we do not decide what role, if any, the remaining factors
of Solem play in Caswell=s
disproportionality complaint.

Caswell was sentenced to ninety-nine years in the
Institutional Division of the Texas Department of Criminal Justice.  This sentence falls  within the range of punishment established by
the legislature.  See Tex. Penal Code Ann. ' 12.32(a)
(Vernon 2003).  Thus, the sentence must
be grossly disproportionate to the offense in order to be deemed to have
violated the Eighth and Fourteenth Amendments. 
See McGruder, 954 F.2d at 316. 








Here, Caswell pleaded guilty to intentionally and
knowingly manufacturing methamphetamine. 
The record further shows (1) that a minor child was present at Caswell=s
residence where controlled substances and components of methamphetamine
production were found by police; (2) that later in response to a fire of
suspicious origin at Caswell=s home,
a police search produced additional evidence of possession and manufacture of
methamphetamine; (3) that the residence was located close to a school; and (4)
that there was constant traffic at all hours, in and out of Caswell=s
house.  Thus, the jury had ample evidence
from which to conclude that Caswell=s criminal
activity was a threat to his community. 
Therefore, we cannot conclude that his ninety-nine year sentence is
grossly disproportionate to the offense.[2]  Accordingly, we overrule Caswell=s sole
issue.

III. Conclusion

Having overruled Caswell=s issue,
we affirm the trial court=s judgment.

 

BOB
MCCOY

JUSTICE

PANEL B:   DAUPHINOT, WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: February 2, 2006

 











[1]See Tex. R. App. P.
47.4.





[2]We are not to sit as a thirteenth juror reweighing the
evidence or deciding whether we believe the evidence established the element in
contention beyond a reasonable doubt; rather, we are to ask ourselves whether
the trier of fact, acting rationally, could have found the evidence sufficient
to establish the element beyond a reasonable doubt.  Villalon v. State, 791 S.W.2d 130, 132
(Tex. Crim. App. 1990).