In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-185 CR


____________________



KOREY D. LANDRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 77270






MEMORANDUM OPINION


 Korey D. Landry appeals the revocation of his community supervision for the offense
of Possession of a Controlled Substance (cocaine). Landry was sentenced to ten years'
confinement in the Texas Department of Criminal Justice - Institutional Division. All issues
of law presented by this case are well settled, and the parties are familiar with the extensive
factual and procedural history of this case. Therefore, we will not recite the law or the facts
except as necessary to advise the parties of the Court's decision and the basic reasons for it. 
See Tex. R. App. P. 47.4. 

 Landry's lone appellate issue reads: "The sentence imposed by the trial court, while
within the range of punishment, was not warranted by the facts of the case." The record
indicates that the revocation proceeding in the instant case (Trial Cause No. 77270) also
included pleas to another revocation action (Trial Cause No. 78700), and two separate
aggravated robbery offenses (Trial Cause Nos. 92194 and 92588). Landry pleaded guilty to
both aggravated robbery causes and also pleaded true to violating the terms and conditions
of both of his community supervision orders. At the sentencing hearing, the State noted that
during one of the aggravated robberies, Landry struck the victim about the head and face
with a pistol. The State also noted the trial court's generosity to Landry in prior
adjudication/revocation proceedings. The trial court assessed Landry ten years' in the
penitentiary. 

 On appeal, Landry admits the trial court sentenced him within the statutory range of
punishment for the offense, but argues that a ten-year sentence for "simple possession" was
neither reasonable nor rational since the offense "involved no victim." We note that Landry
made no objection to the trial court asserting "cruel and unusual punishment" or complaining
of the unreasonableness or irrationality of the ten-year sentence. Landry's procedural default
at the trial court level precludes him from now raising the issue before us for the first time. 
See Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). 
However, even absent a proper objection at trial, Landry's sentence was neither unreasonable
or irrational, nor was it "cruel and unusual." 

 The Texas Legislature is vested with the authority to define crimes and prescribe
penalties. See Davis v. State, 905 S.W.2d 655, 664 (Tex. App.--Texarkana 1995, pet. ref'd). 
Courts have repeatedly held that punishment which falls within the limits prescribed by a
valid statute is not excessive, cruel, or unusual. See e.g. Harris v. State, 656 S.W.2d 481,
486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
The offense for which Landry was convicted was a third degree felony. See Tex. Health
& Safety Code Ann. § 481.115(c) (Vernon 2003). The punishment range for such an
offense is between two and ten years in the penitentiary, and the possibility of a fine up to
$10,000. See Tex. Pen. Code Ann. § 12.34 (Vernon 2003). Here, the punishment assessed
by the trial court fell within the range set forth by the legislature. Id. Therefore, Landry's
punishment was both reasonable and rational, and not excessive per se. Landry's appellate
issue is overruled. The trial court's judgment in Trial Cause No. 77270 is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted January 3, 2006

Opinion Delivered May 10, 2006

Do not publish


Before Gaultney, Kreger, and Horton, JJ.