# NO. 12-07-00290-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SONYA JENKINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sonya Jenkins appeals her conviction for theft, for which she was sentenced to imprisonment for ten months. In one issue, Appellant argues that her sentence amounts to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with theft of property valued between $1,500.00 and $20,000.00. Appellant pleaded "guilty," and the matter proceeded to a bench trial on punishment. Following the presentation of evidence and argument of counsel, the trial court sentenced Appellant to imprisonment for ten months. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant contends that the ten month sentence imposed on her for theft of property is disproportionate to the crime for which she was convicted and that her sentence violated the cruel and unusual punishment clause of the United States Constitution. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art I, § 13. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See **Willis v. State***, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1.

However, even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment. Appellant was convicted of theft. *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2008). The punishment range for such an offense is between 180 days and two years. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 31.03(e)(4)(A) (Vernon Supp. 2008). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. *Id.* Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).

Nonetheless, we have considered the threshold question of whether Appellant's sentence is grossly disproportionate to the crime. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.); *see also Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 298–300, 103 S. Ct. 3001, 3013–15, 77 L. Ed. 2d 637 (1983). In conducting our analysis, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in which the Supreme Court upheld the petitioner's mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. The offense committed by Appellant—theft of property valued between $1,500.00 and $20,000.00—is more serious than any of the offenses committed by the appellant in *Rummel*, and Appellant's ten month sentence is far less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test.[1] Appellant's sole issue is overruled.

---

[1] Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011.

## **DISPOSITION**

Having sustained Appellant's sole issue, we *affirm* the trial court's judgment.


    **JAMES T. WORTHEN**
Chief Justice


Opinion delivered August 6, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3