NUMBER 13-08-00115-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

FRANK FIGUEROA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court of

Nueces County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez
 Pursuant to a plea agreement, appellant, Frank Figueroa, pleaded guilty to seven
counts of aggravated sexual assault of a child, a first-degree felony, (1) and three counts of
indecency with a child, a second-degree felony. (2) By a single issue, Figueroa contends that
the punishment imposed was disproportionate to the seriousness of the alleged offense,
in violation of the Eighth and Fourteenth Amendments to the United States Constitution. 
See U.S. Const. amend. VIII, XIV. We modify the judgment and as modified, affirm.

I. Background

 Figeuroa was charged by indictment with seven counts of aggravated sexual assault
of a child and three counts of indecency with a child. See Tex. Penal Code Ann. §§
22.021, 21.11 (Vernon Supp. 2009). Pursuant to a plea agreement with the State,
Figueroa pleaded guilty to all counts, judicially confessed to committing the offenses, and
stipulated to evidence supporting the pleas. The trial court accepted Figueroa's pleas,
assessed punishment at twenty years' imprisonment on each count, and ordered the
sentences to run concurrently. The sentences imposed by the trial court were within the
statutory range of punishment. See Tex. Penal Code Ann. §§ 12.32 (providing that the
punishment range for a first-degree felony is imprisonment for a term of five to ninety-nine
years or life, plus an optional fine not to exceed $10,000), 12.33 (Vernon Supp. 2009)
(providing that the punishment range for a second-degree felony is imprisonment for a term
of two to twenty years, plus an optional fine not to exceed $10,000).

II. Disproportionate Punishment

 In a single issue, Figueroa contends that his twenty year sentence is
disproportionate to the alleged offenses. The Eighth Amendment provides that "excessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment
inflicted." U.S. Const. amend. VIII. The Eight Amendment is applicable to the states by
and through the Fourteenth Amendment. See U.S. Const. amend. XIV; Robinson v.
California, 370 U.S. 660, 667 (1962). Strict proportionality between the crime and the
sentence is not required; rather, the Eighth Amendment forbids extreme sentences that are
"grossly disproportionate" to the crime. Ewing v. California, 538 U.S. 11, 23 (2003). In
general, Texas courts have held that as long as the punishment assessed falls within the
statutory range, the punishment is not excessive. See Jordan v. State, 495 S.W.2d 949,
952 (Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus
Christi 2005, pet. ref'd).

 Figueroa made no objection to his sentence to the trial court either at the time of
sentencing or in any post-trial motion. To preserve error for appellate review, a party must
present a timely objection to the trial court, state the specific grounds for the objection, and
obtain a ruling. Tex. R. App. P. 33.1(a). By failing to specifically object to the alleged
disproportionate sentence in the trial court or in a post-trial motion, Figueroa has waived
any error for our review. See Noland v. State, 264 S.W.3d 144, 151 (Tex. App.-Houston
[1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a
sentence is grossly disproportionate, constituting cruel and unusual punishment, a
defendant must present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired."); Trevino, 174 S.W.3d at 927-28 ("Because the
sentence imposed is within the punishment range and is not illegal, we conclude that the
rights [appellant] asserts for the first time on appeal are not so fundamental as to have
relieved him of the necessity of a timely, specific trial objection."); see also Fitzgerald v.
State, No. 13-07-609-CR, 2009 Tex. App. LEXIS 4539, at **3-4 (Tex. App.-Corpus Christi
June 18, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant
did not preserve the issue of whether the punishment assessed was disproportionate
where he "neither objected to his sentence nor raised the issue in his motion for new trial"). 
Accordingly, Figueroa's sole issue is overruled.

III. Modification of Trial Court's Judgment

 The trial court's judgment mistakenly refers to section 21.22, a non-existent section
of the penal code, instead of section 21.11, as the statute concerning the offense of
indecency with a child. See Tex. Penal Code Ann. § 21.11. Because we have the
necessary data and evidence for reformation, we modify the trial court's judgment to reflect
the correct statute for the offense--Texas Penal Code section 21.11. See id.; Tex. R. App.
P. 43.2; Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

IV. Conclusion

 Having overruled Figueroa's sole issue, we affirm the trial court's judgment as
modified.

 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and filed 

this the 29th day of October, 2009. 
1. See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009).
2. See id. § 21.11 (Vernon Supp. 2009).