

NUMBER 13-08-00115-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FRANK FIGUEROA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

### On appeal from the 117th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Pursuant to a plea agreement, appellant, Frank Figueroa, pleaded guilty to seven counts of aggravated sexual assault of a child, a first-degree felony,[1] and three counts of indecency with a child, a second-degree felony.[2] By a single issue, Figueroa contends that the punishment imposed was disproportionate to the seriousness of the alleged offense,

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2009).

[2] *See id.* § 21.11 (Vernon Supp. 2009).

in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amend. VIII, XIV. We modify the judgment and as modified, affirm.

## I. BACKGROUND

Figeuroa was charged by indictment with seven counts of aggravated sexual assault of a child and three counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 22.021, 21.11 (Vernon Supp. 2009). Pursuant to a plea agreement with the State, Figueroa pleaded guilty to all counts, judicially confessed to committing the offenses, and stipulated to evidence supporting the pleas. The trial court accepted Figueroa's pleas, assessed punishment at twenty years' imprisonment on each count, and ordered the sentences to run concurrently. The sentences imposed by the trial court were within the statutory range of punishment. *See* TEX. PENAL CODE ANN. §§ 12.32 (providing that the punishment range for a first-degree felony is imprisonment for a term of five to ninety-nine years or life, plus an optional fine not to exceed $10,000), 12.33 (Vernon Supp. 2009) (providing that the punishment range for a second-degree felony is imprisonment for a term of two to twenty years, plus an optional fine not to exceed $10,000).

## II. DISPROPORTIONATE PUNISHMENT

In a single issue, Figueroa contends that his twenty year sentence is disproportionate to the alleged offenses. The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eight Amendment is applicable to the states by and through the Fourteenth Amendment. *See* U.S. CONST. amend. XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). Strict proportionality between the crime and the sentence is not required; rather, the Eighth Amendment forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). In

general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

Figueroa made no objection to his sentence to the trial court either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object to the alleged disproportionate sentence in the trial court or in a post-trial motion, Figueroa has waived any error for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino*, 174 S.W.3d at 927-28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Fitzgerald v. State*, No. 13-07-609-CR, 2009 Tex. App. LEXIS 4539, at \*\*3-4 (Tex. App.–Corpus Christi June 18, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant did not preserve the issue of whether the punishment assessed was disproportionate where he "neither objected to his sentence nor raised the issue in his motion for new trial"). Accordingly, Figueroa's sole issue is overruled.

### III. MODIFICATION OF TRIAL COURT'S JUDGMENT

The trial court's judgment mistakenly refers to section 21.22, a non-existent section

of the penal code, instead of section 21.11, as the statute concerning the offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11. Because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct statute for the offense—Texas Penal Code section 21.11. *See id.*; TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

## IV. CONCLUSION

Having overruled Figueroa's sole issue, we affirm the trial court's judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and filed
this the 29th day of October, 2009.

4