IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00398-CR

 

Erik Donnelly,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. F41816

 



MEMORANDUM  Opinion



 

            Pursuant to a plea bargain, Erik
Donnelly pleaded guilty to two counts of aggravated sexual assault of a child
younger than fourteen years old and was placed on deferred adjudication community
supervision for ten years.  Approximately three months later, the State filed a
motion to proceed with an adjudication of guilt.  Donnelly pleaded true to the
allegations, and the trial court adjudicated his guilt and sentenced him to
life imprisonment.  In his sole issue, Donnelly contends that the trial court
abused its discretion in sentencing him to a term of life imprisonment.

            To preserve a complaint for
appellate review, a party must present a timely request, objection, or motion
stating the specific grounds for the ruling desired.  Tex. R. App. P. 33.1(a).  Here, Donnelly did not object to
his sentence at the time it was imposed, nor did he file a motion for new
trial.  Therefore, Donnelly did not preserve his complaint for review.  See
Trevino v. State, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005,
pet. ref’d).

            Nevertheless, aggravated sexual
assault of a child younger than fourteen years old is a first-degree felony.  Tex. Pen. Code Ann. § 22.021(e) (Vernon
Supp. 2010).  The punishment for an individual adjudged guilty of a first-degree
felony is imprisonment “for life or for any term of not more than 99 years or
less than 5 years.”  Id. § 12.32(a) (Vernon Supp. 2010).  Donnelly’s
sentence of life imprisonment is within the statutory range for the offense,
and punishment that is assessed within the statutory range for the offense is generally
not subject to challenge for excessiveness.  Kim v. State, 283 S.W.3d
473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d); see Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  Thus, the trial court did not
abuse its discretion by imposing its sentence.

            Donnelly also complains within
his sole issue that the trial court erroneously allowed the State to present
evidence of various extraneous offenses, but Donnelly did not preserve this
complaint for appeal.  The record reflects that Donnelly did not object to the
evidence as being inadmissible extraneous offenses when it was admitted.  See
Tex. R. App. P. 33.1(a).

            Based on the foregoing, we
overrule Donnelly’s sole issue and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed October 27, 2010

Do
not publish

[CRPM]






e Tex. R. App. P. 38.1(i).  See also
Wyatt v. State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).[1]  Issue one is
overruled.

Conclusion

               Having overruled George’s sole issue
to this Court, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed February 16, 2011

Do
not publish

[CRPM]









[1]
Even if this issue had been adequately briefed as to relevance, the error, if
any, would be harmless.  George was arrested with a significant amount of drugs
in his possession.  Scales and baggies were also located, which indicates distribution
of drugs.  George admitted that he had possessed a massive quantity of a base
ingredient necessary to cook methamphetamine when he was convicted for the same
offense as the instant case.  This offense served as the basis for the
enhancement paragraph to which George pled “true.”  The response to this
question regarding the habits of methamphetamine addicts, without more, would
be harmless.  Tex. R. App. P.
44.2(b).