

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00398-CR

**ERIK DONNELLY,**

                                                     **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                     **Appellee**

---

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F41816**

---

## MEMORANDUM OPINION

---

Pursuant to a plea bargain, Erik Donnelly pleaded guilty to two counts of aggravated sexual assault of a child younger than fourteen years old and was placed on deferred adjudication community supervision for ten years. Approximately three months later, the State filed a motion to proceed with an adjudication of guilt. Donnelly pleaded true to the allegations, and the trial court adjudicated his guilt and sentenced him to life imprisonment. In his sole issue, Donnelly contends that the trial court abused its discretion in sentencing him to a term of life imprisonment.

To preserve a complaint for appellate review, a party must present a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a). Here, Donnelly did not object to his sentence at the time it was imposed, nor did he file a motion for new trial. Therefore, Donnelly did not preserve his complaint for review. *See Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd).

Nevertheless, aggravated sexual assault of a child younger than fourteen years old is a first-degree felony. TEX. PEN. CODE ANN. § 22.021(e) (Vernon Supp. 2010). The punishment for an individual adjudged guilty of a first-degree felony is imprisonment "for life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a) (Vernon Supp. 2010). Donnelly's sentence of life imprisonment is within the statutory range for the offense, and punishment that is assessed within the statutory range for the offense is generally not subject to challenge for excessiveness. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Thus, the trial court did not abuse its discretion by imposing its sentence.

Donnelly also complains within his sole issue that the trial court erroneously allowed the State to present evidence of various extraneous offenses, but Donnelly did not preserve this complaint for appeal. The record reflects that Donnelly did not object to the evidence as being inadmissible extraneous offenses when it was admitted. *See* TEX. R. APP. P. 33.1(a).

Based on the foregoing, we overrule Donnelly's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed October 27, 2010
Do not publish
[CRPM]