

**NUMBER 13-12-00395-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ERNESTO JAVIER RAMIREZ,**                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza**

By a single issue, appellant, Ernesto Javier Ramirez, contends the trial court abused its discretion in sentencing him to two years' incarceration "because that punishment violates the objectives of the system of prohibitions, penalties, and correctional measures in the Penal Code." We affirm.

## I. BACKGROUND

On January 27, 2009, pursuant to a plea agreement, appellant pleaded guilty to

possession with intent to deliver a Penalty Group 1 controlled substance, specifically, less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.101(3)(D), 481.112(b) (West 2010). The trial court imposed a $1,000 fine, assessed restitution in the amount of $140, deferred adjudication, and placed appellant on community supervision for five years. The State filed an amended motion to revoke appellant's community supervision on May 11, 2012, alleging numerous violations of the conditions of appellant's community supervision. At a hearing on May 22, 2012, appellant pleaded "true" to nine of the State's allegations and "not true" to five of the State's allegations. The trial court found three of the allegations "not true" and the remaining allegations "true." The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to two years' confinement in state jail.

## II. DISCUSSION

By a single issue, appellant argues that the trial court abused its discretion in sentencing him to two years' confinement because "[i]ncarcerating [him] is merely punitive" and does not further the penal code's goal of rehabilitation. The State responds that appellant failed to preserve any issue for review because he did not object to his sentence in the trial court. We agree with the State.

Appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, appellant has waived any error for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a

2

timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Ray v. State*, No. 13-11-00466-CR, 2012 Tex. App. LEXIS 5600, at *2–3 (Tex. App.—Corpus Christi July 12, 2012, no pet.) (mem. op., not designated for publication) ("To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.").

Moreover, even had appellant preserved error, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino*, 174 S.W.3d at 928. Here, appellant's two-year sentence falls within the punishment range for state jail felonies, *see* TEX. PENAL CODE ANN. § 12.35 (West Supp. 2011), and is therefore not excessive. *See Trevino*, 174 S.W.3d at 928.

### III. CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
7th day of March, 2013.

3