# NO. 12-21-00220-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTONIO R. SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Antonio R. Smith appeals his conviction for aggravated assault with a deadly weapon. In two issues, Appellant contends (1) his twenty-year sentence is grossly disproportionate and constitutes cruel and unusual punishment and (2) the county specialty court account fee and time payment fee were improperly assessed. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

On November 5, 2020, Appellant was indicted for the offense of aggravated assault with a deadly weapon that allegedly occurred on or about October 2, 2020. Appellant made an open plea of "guilty" to the offense. The trial court accepted Appellant's plea, and after conducting a punishment hearing, the trial court sentenced Appellant to twenty years of imprisonment. The clerk's bill of costs contains assessments for the "county specialty court account" fee in the amount of $25.00 and the "time payment" fee in the amount of $15.00.

## CRUEL AND UNUSUAL PUNISHMENT

In issue one, Appellant argues that his twenty-year sentence constitutes cruel and unusual punishment and is grossly disproportionate to his crime.

**Analysis**

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statue is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(b) (West Supp. 2021) (providing that aggravated assault with a deadly weapon is a second-degree felony offense); *see also id*. § 12.33(a) (West 2019) (setting the second-degree felony punishment range at imprisonment "for any term of not more than 20 years or less than 2 years[]"). The twenty-year sentence imposed by the trial court falls within the range set by the Legislature. Therefore, Appellant's punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id*., 445 U.S.

2

at 266, 100 S. Ct. at 1135. In **Rummel**, the appellant received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. **Id**., 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. **Id**., 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at bar, Appellant's offense – aggravated assault with a deadly weapon – is no less serious than the combination of offenses committed by the appellant in **Rummel**, and Appellant's twenty-year sentence is far less severe than the life sentence upheld in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the **Solem** test. *See* **McGruder**, 954 F.2d at 316; **Jackson**, 989 S.W.2d at 845-46. We overrule issue one.

## COURT COSTS

In issue two, Appellant contends the trial court improperly assessed certain costs. Specifically, he argues that (1) the specialty court fee is not authorized by the statute or supported by the record and (2) the time payment fee was assessed prematurely.

Appellant asserts that he should not have been charged the "county specialty court account" fee because it does not apply to his offense. Before June 2019, Article 102.178(g) of the Texas Code of Criminal Procedure provided that funds received from courts on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 Tex. Gen. Laws 1352.  In June 2019, the Legislature redesignated that account to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code, *i.e.*, the Local Consolidated Fee on Conviction of Felony. *See* TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). Section 134.101 assesses an additional $105 fee for persons convicted of felonies.  *See id*. § 134.101(a). Said $105 fee is to be allocated to the following specific accounts

and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id*. § 134.101(b). The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *Id*. § 134.101. The date of Appellant's charged offense in the indictment is "on or about October 2, 2020." Therefore, the Local Consolidated Fee on Conviction of Felony, including the "county specialty court account," applies. *See id*.

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. As stated above, per the statute's effective date, Appellant is obligated to pay the Local Consolidated Fee on Conviction of Felony. *See **Waters v. State***, No. 12-21-00108-CR, 2021 WL 6061566, at *1-2 (Tex. App.—Tyler Dec. 21, 2021, no pet.) (mem. op., not designated for publication) (disposing of same issue relating to "county specialty court account" fee for offenses committed on or after January 1, 2020). We overrule issue two as to the county specialty court account fee.

Also included in the bill of costs was a "Time Payment Fee 2020" in the amount of $15. "The pendency of an appeal stops the clock for purposes of the time payment fee." ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id*. Accordingly, we sustain this portion of issue two and delete the time payment fee.

## DISPOSITION

Having sustained in part and overruled in part Appellant's second issue and overruled Appellant's first issue, we *modify* the bill of costs by striking the $15 time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution he owes. We *affirm* the trial court's judgment *as modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2022**

**NO. 12-21-00220-CR**

**ANTONIO R. SMITH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1823-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** by striking the $15 time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*