# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00776-CR
NO. 03-12-00777-CR
NO. 03-12-00778-CR

**Shawn Thomas King, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NOS. 68463, 69564, 70272 HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Shawn Thomas King appeals the trial court's judgments (1) adjudicating him guilty of burglary of a habitation, *see* Tex. Penal Code Ann. § 30.02 (West 2011) (our cause number 03-12-00776-CR), and (2) convicting him of two separate offenses of aggravated robbery with a deadly weapon, *see* Tex. Penal Code Ann. § 29.03 (West 2011) (our cause numbers 03-12-00777-CR and 03-12-00778-CR). In two issues, appellant argues, first, that the sentences he received for the aggravated robbery convictions amount to cruel and unusual punishment and, second, that government code section 508.145(d)(1), which requires that he serve a mandatory sentence of the lesser of one-half the sentence imposed or thirty years before parole eligibility, violates the separation of powers provision of article II, section one of the Texas

Constitution. *See* Tex. Const. art. II, § 1; Tex. Gov't Code Ann. § 508.145(d)(1) (West 2012).[1] We will affirm.

## BACKGROUND

In September 2011, appellant pleaded guilty to the second-degree felony offense of burglary of a habitation. The trial court entered an order of deferred adjudication and placed appellant on community supervision for a period of ten years. In August 2012, the State filed a motion to adjudicate on the ground that appellant had violated the terms and conditions of his community supervision by, among other things, committing aggravated robbery with a deadly weapon on January 26, 2012. In separate cause numbers, appellant was charged by indictment with the offense of aggravated robbery with a deadly weapon on January 26, 2012, and with committing the same offense again on May 3, 2012. At a joint proceeding on all three causes, appellant entered a plea of true to the allegations in the motion to adjudicate and pleaded guilty to both cases of aggravated robbery. At a punishment hearing in November 2012, the trial court revoked appellant's community supervision and assessed punishment for the offense of burglary of a habitation at 20 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. It also assessed punishment for each of the aggravated robbery convictions at 60 years' imprisonment. All three sentences were ordered served concurrently. Because the judgments of conviction for aggravated robbery included a finding that appellant used or exhibited a deadly weapon, he is not eligible to be considered for parole until he has served thirty years of his sentence.

---

[1] Because the issues on appeal in each of the three causes are identical, appellant has filed a single brief. We will dispose of all three causes in one opinion.

2

*See* Tex. Gov't Code Ann. § 508.145(d)(1). The trial court certified appellant's right to appeal in all three cases, and appellant perfected this appeal.

## DISCUSSION

In his first issue, appellant contends that the assessment of the 60-year sentences, coupled with the deadly-weapon findings that result in his being ineligible for parole until he has served 30 years, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because, considering contemporary national standards of decency, the sentence is grossly disproportionate to the offense. Appellant, however, waived this complaint by failing to object to the assessed punishment at sentencing or to raise the issue in a motion for new trial. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, no pet.) ("To preserve error for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also* Tex. R. App. P. 33.1(a); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under United States Constitution). However, even absent waiver, we conclude that appellant's sentence did not constitute cruel and unusual punishment.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). Courts have repeatedly held that punishment falling within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim.

3

App. 1973). The trial court assessed punishment at 60 years' imprisonment for each of the offenses of aggravated robbery, with the sentences to run concurrently. *See* Tex. Penal Code Ann. § 29.03. The punishment range for this first-degree felony is five to 99 years or life and may include a fine of up to $10,000. *See id.* § 12.32 (West 2011). Appellant's sentence is within the range of punishment for this offense. It is well established that a sentence falling within the applicable range of punishment generally does not violate the Eighth Amendment. *See e.g.*, *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Williams v. State*, 191 S.W.3d 242, 262 n.6 (Tex. App.—Austin 2006, no pet.).

A sentence falling within the applicable range of punishment might still be considered cruel and unusual in cases involving "extreme sentences" that are "grossly disproportionate" to the offense. *Ewing*, 538 U.S. at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Appellant first attempts to demonstrate that his sentence meets these descriptors by citing cases involving sentences imposed on juvenile offenders. *See, e.g.*, *Graham v. Florida*, ___ U.S. ___, 130 S.Ct. 2011, 2026 (2010) (because juveniles have lessened culpability, they are less deserving of severest punishments). Appellant's argument fails, however, because although he was only eighteen years old when he committed the aggravated robberies, he was not a juvenile offender as was the sixteen-year-old defendant in *Graham*. Moreover, *Graham* involved a sentence of life without the possibility of parole, which the Court considered extreme given the age of the juvenile offender. *Id*. at 2033 (juvenile offender who did not commit homicide who receives life sentence entitled to realistic opportunity to obtain release before end of term). In the present case, appellant did not receive the maximum sentence and will be eligible for parole once he has

served half his sentence as required by the deadly-weapon finding. This Court has previously concluded that the fact that a deadly-weapon finding requires the offender to serve half his sentence before parole eligibility did not render a 40-year sentence grossly disproportionate. *See Andrews v. State*, No. 03-98-00201-CR, 1999 WL 11190, at *1 (Tex. App.—Austin Jan. 14, 1999, pet. ref'd) (mem. op., not designated for publication). We reach the same conclusion in the present case involving a 60-year sentence. *See Harmelin v. Michigan*, 501 U.S. 957 (1991) (Eighth Amendment has proportionality component that requires threshhold comparison of gravity of offense against severity of sentence). Appellant committed aggravated robbery with a deadly weapon twice in a two-month time frame. This offense carries with it the implicit threat and risk of death or serious bodily injury. In fact, during the first of the two aggravated robberies, during which appellant and his co-defendants went to a party in Killeen and robbed the guests at gunpoint, one of the guests was wounded by gunshots fired by appellant's co-defendant. In the second aggravated robbery, appellant pulled a gun on a convenience store clerk. While the 60-year sentence is substantial, it is well below the maximum prescribed by the legislature for first-degree felonies, even when committed by those without a previous criminal history. *See* Tex. Penal Code Ann. § 12.32. And, though he must serve half the sentence, appellant does remain eligible for parole. Under the circumstances, we cannot say that appellant's sentence is disproportionate to the offenses.[2] We overrule appellant's first issue.

---

[2] We note also that the record before us does not contain any information regarding the sentences assessed for similar crimes in this or other jurisdictions. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (if appellate court infers that sentence is disproportionate, it must then compare challenged sentence to sentences for similar crimes in same jurisdiction and to sentences for same crime in other jurisdictions).

In his second issue, appellant challenges the constitutionality of government code section 508.145(d)(1), which establishes parole eligibility for inmates serving a sentence for an offense described in article 42.12, § 3g(a) of the Code of Criminal Procedure. *See* Tex. Gov't Code Ann. § 508.145(d)(1) (West 2012). Appellant has waived this argument by failing to preserve it. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (defendant may not challenge constitutionality of statute for first time on appeal). Even if preserved, however, we would reject appellant's argument that this statute is unconstitutional as violating the separation-of-powers provision of article II, section one of the Texas Constitution. *See* Tex. Const. art. II, § 1.

Article II, section 1 divides the powers of state government into "three distinct departments" and confines each to "a separate body of magistery, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another." *Id.* The section directs that "no person, or collection of persons, being of one of these departments shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." *Id.* Article IV, section 11 of the Texas Constitution expressly provides that "[t]he Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole . . . ." *Id.* art. IV, § 11(a). Thus, this provision of the constitution expressly and specifically authorizes the legislature to enact parole laws; in doing so, therefore, the legislature does not violate notions of separation of powers. *See Oakley v. State*, 830 S.W.2d 107, 109-10 (Tex. Crim. App. 1992) (by amending constitution to add article IV, section 11, people of State of Texas articulated will or intent that legislature be authorized to draft laws permitting trial courts to inform juries about operation and

6

effect of parole laws). Nevertheless, appellant argues that government code section 508.145(d)(1) "precludes the [Board of Pardons and Paroles] from exercising its powers of executive clemency at a time of *its* choosing." Essentially, appellant argues that while the legislature may have the power to designate *who* is eligible for parole, this statute goes beyond that and designates *when* that person might be eligible. We disagree. Section 508.145(d)(1) does not operate to usurp the Board's authority to determine whether or not to grant an inmate parole. Rather, it simply defines when an inmate serving a sentence for an offense for which the judgment contains a deadly-weapon finding is eligible *to be considered* for parole by the Board. Thus, section 508.145(d)(1) is a legitimate exercise of the legislature's express authority to "enact parole laws" and does not impermissibly restrict the Board's determination of whether to grant parole once an inmate becomes eligible. We overrule appellant's second issue.

**CONCLUSION**

Having overruled appellant's two appellate issues, we affirm the judgments of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: April 10, 2013

Do Not Publish

7