

NUMBER 13-12-00551-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

REYNALDO MALDONADO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 156th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Reynaldo Maldonado, was sentenced to two years' incarceration in a state-jail facility for violating the conditions of his community supervision. By a single issue, Maldonado argues that his sentence does not meet the Texas Penal Code's

objectives of deterrence and rehabilitation and does not account for the differences in rehabilitative possibilities among individual defendants. We affirm.

## I. BACKGROUND

On August 17, 2010, appellant pleaded nolo contendere to two state-jail offenses: burglary of a building and theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011); *id.* § 31.03(a), (e)(4)(A) (West Supp. 2011). The trial court found Maldonado guilty and, pursuant to a plea bargain, sentenced him to two years' confinement in a state-jail facility for each offense. The trial court subsequently suspended the sentences and placed Maldonado on community supervision for a period of three years.

On June 20, 2012, the State filed motions to revoke Maldonado's community supervision because Maldonado violated the conditions of his community supervision. On the burglary offense, the State alleged that appellant violated the conditions of his community supervision by failing to report, failing to pay restitution and supervisory fees, and failing to attend a therapy program. On the theft offense, the State alleged appellant failed to report and failed to submit to random urinalysis. At the evidentiary hearing, Maldonado pleaded "true" to the allegations. The trial court adjudicated Maldonado guilty, revoked his community supervision, and assessed his punishment at two years' incarceration in a state-jail facility and imposed a $2,000 fine. This appeal followed.

## II. FUNDAMENTAL ERROR IN PUNISHMENT

By his sole issue, Maldonado asserts that the "trial court abused its discretion by sentencing [him] to two years' incarceration because that punishment violates the

objectives of the system of prohibitions, penalties, and correctional measures in the [Texas] Penal Code." The State responds that appellant failed to preserve any issue for review because he did not object to his sentence in the trial court. We agree with the State.

## A.     Preservation of Error

Appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve his complaint for our review, Maldonado was required to show that he made a timely objection to the trial court, stated the specific grounds for the objection, and obtained a ruling. TEX. R. APP. P. 33.1(a); *see Blue v. State,* 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc). By failing to specifically object in the trial court or in a post-trial motion, appellant has waived any error for our review. *See Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Appellant argues that a failure to consider the full range of punishment can be raised for the first time on appeal and cites this Court's opinion in *Hernandez v. State* for the proposition that "a defendant may complain for the first time on appeal about a trial court's refusal (i.e., lack of impartiality) to consider the full range of punishment—so long as the trial judge's conduct is so egregious as to deem the judge biased on the matter of punishment." *See Hernandez v. State*, 109 S.W.3d 176, 184 (Tex. App.—Corpus Christi, 2008, no pet.). In *Hernandez*, the appellant succeeded in establishing a

3

lack of impartiality where the trial court summarily doubled his prior sentence. *See id.* at 184–85. Maldonado has not established that the trial court failed to consider the full range of punishment. Further, he does not demonstrate in the instant case that the trial court's conduct was so egregious as to indicate bias in the matter of punishment. Therefore, appellant's failure to object is not excused by *Hernandez*, and appellant does not raise any other exceptions to the rule that might apply.

## B. Penal Code Goals

Even if Maldonado had preserved error, we review a sentence imposed by a trial court for abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, a sentence within the proper range of punishment will not be disturbed on appeal. *Id.*; *see also Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (explaining that, absent rare exceptions, a punishment that falls within the legislatively-prescribed range is unassailable on appeal).

Maldonado concedes that his sentence was within the statutorily authorized range for his offense. The permissible punishment range for a state-jail felony is 180 days to two years in state jail and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.35 (West Supp. 2011). Maldonado cites no authority to support the proposition that a sentence within the statutorily authorized range for any given offense is so contrary to the purposes set out in section 1.02(1) of the penal code so as to constitute an abuse of discretion by the trial court. *See id.* § 1.02(1) (West 2011) (stating that the objectives of the code are to insure the public safety through deterrence, rehabilitation and punishment). Texas courts have consistently held that as long as the punishment assessed falls within the statutory range, the punishment is not

excessive, cruel, or unusual. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino*, 174 S.W.3d at 928. Accordingly, appellant's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2013.