# NO. 12-14-00003-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSICA DOLORES OSBORN,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jessica Dolores Osborn appeals her conviction for engaging in organized criminal activity, for which she was sentenced to imprisonment for twenty-five years. In one issue, Appellant argues that her sentence is excessive and is grossly disproportionate to the crime of which she was convicted. We affirm.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity. The indictment further alleged that Appellant had previously been adjudicated to have engaged in delinquent conduct by committing robbery and was committed to the Texas Youth Commission. Appellant pleaded "guilty" as charged and pleaded "true" to the enhancement allegation. The matter proceeded to a trial on punishment. Following the presentation of evidence and argument of counsel, the trial court found Appellant "guilty" as charged, and sentenced her to imprisonment for twenty-five years. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant argues that her sentence amounts to cruel and unusual punishment in violation of the United States Constitution. However, Appellant made no timely

objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of engaging in organized criminal activity, the enhanced punishment range for which is fifteen to ninety-nine years, or life. *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1), 32.51(c)(3), 71.02(a)(8), (b) (West Supp. 2013); TEX. FAMILY CODE ANN. § 51.13(d) (West 2014). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L.

Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 285, 100 S. Ct. at 1145.

In the instant case, the offense committed by Appellant—engaging in organized criminal activity—was more serious than any of the offenses committed by the appellant in ***Rummel***, while Appellant's twenty-five year sentence is no more severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 9, 2014**

**NO. 12-14-00003-CR**

**JESSICA DOLORES OSBORN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0881-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*