# NO. 12-15-00202-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES BENNETT, SR.,* *APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charles Bennett, Sr. appeals his convictions for sexual assault of a child, aggravated sexual assault of a disabled individual, and prohibited sexual conduct, for which he was sentenced to imprisonment for fifteen years, twenty-five years, and ten years respectively. In two issues, Appellant argues that his sentence amounted to cruel and unusual punishment and the trial court erred in admitting a written statement from his wife at trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with, among other things, sexual assault of a child, sexual assault of a disabled individual, and prohibited sexual conduct. Appellant pleaded "not guilty" to each charge.

A jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for fifteen years for sexual assault of a child, twenty-five years for sexual assault of a disabled individual, and ten years for prohibited sexual conduct. The trial court sentenced Appellant accordingly and ordered that Appellant's two sentences for sexual assault run consecutively. This appeal followed.

In his first issue, Appellant argues that the sentences imposed by the trial court amount to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of sexual assault of a child, the punishment range for which is two to twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(a)(2)(A), (f) (West 2011). Appellant further was convicted of aggravated sexual assault of a disabled individual, the punishment range for which is five to ninety-nine years, or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 22.021(a)(2)(C), (e) (West 2011 & Supp. 2015). Lastly, Appellant was convicted of prohibited sexual conduct, the punishment range for which is two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 25.02(a)(2), (c) (West 2011). Thus, the

sentences imposed by the trial court fall within the range set forth by the legislature. Therefore, the punishments are not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offenses committed by Appellant—sexual assault of a child, aggravated sexual assault of a disabled individual, and prohibited sexual conduct—each are far more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's sentences are much less severe than the life sentence upheld by the Supreme Court in *Rummel*, even considering that the fifteen and twenty-five year sentences run consecutively.

3

Thus, it is reasonable to conclude that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the **Solem** test. Appellant's first issue is overruled.

### SWORN WRITTEN STATEMENT OF APPELLANT'S WIFE

In his second issue, Appellant argues that the trial court erred in admitting a redacted version of a sworn written statement made by his wife because it contained hearsay and violated his rights under the Confrontation Clause pursuant to **Crawford v. Washington**, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).[1] Appellant's wife's redacted statement reads, in pertinent part, as follows:

> We kept a lock on [C.R.]'s bedroom because she was always trying to sneak out at night. I put the lock on the door . . . .
>
> I knew that Charles and [C.R.] started having sex when she was 16 years old. At the time, I didn't see anything wrong with it because I wanted her to be the surrogate mother to have my grandchild. They had sex from the time she was 16 until she was 31. My daughter would be the one who wanted to have sex. She would always be messing with him. I wasn't upset about it because I wanted the child and I never cared that they slept together. Looking back now, I realize that was wrong and I take the blame for it. Charles is the father of my granddaughter . . . .

## Harm Analysis

Even assuming arguendo that the trial court erred in admitting the statement, the error is not reversible unless Appellant was harmed by the statement's admission. A Confrontation Clause violation is subject to a harmless error analysis. *See **Lilly v. Virginia***, 527 U.S. 116, 140, 119 S. Ct. 1887, 1901, 144 L.Ed.2d 117 (1999); ***Coy v. Iowa***, 487 U.S. 1012, 1021, 108 S. Ct. 2798, 2803, 101 L. Ed. 2d 857 (1988); ***Davis v. State***, 169 S.W.3d 660, 672 (Tex. App.–Austin 2005), *aff'd*, 203 S.W.3d 845 (Tex. Crim. App. 2006). We must reverse the conviction when Confrontation Clause error is presented unless we can determine beyond a reasonable doubt that the error did not contribute to the conviction. *See **Chapman v. California***, 386 U.S. 18, 24, 87 S.

---

[1] In **Crawford**, the Supreme Court held that, without exception, testimonial hearsay statements of witnesses absent from trial are admissible over a Sixth Amendment Confrontation Clause objection only where the declarant is unavailable and where the defendant has had a prior opportunity to cross examine the declarant. **Crawford**, 541 U.S. at 57–60, 124 S. Ct. at 1368–69. This requirement "does not evaporate when testimony happens to fall within some broad modern hearsay exception, even if the exception is sufficient in other circumstances." **Davis**, 169 S.W.3d at 668 (quoting **Crawford**, 541 U.S. at 56, n.7, 124 S. Ct. at 1367 n.7).

Ct. 824, 828, 17 L.Ed.2d 705 (1967); *Mendez v. State*, 56 S.W.3d 880, 893 (Tex. App.–Austin 2001, pet. ref'd); *see also* TEX. R. APP. P. 44.2(a).

In *Shelby v. State*, 819 S.W.2d 544, 547 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals adopted the Supreme Court's analysis in *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438, 89 L. Ed. 2d 674 (1986), for assessing harm in Confrontation Clause cases. *See also Samarron*, 150 S.W.3d 701, 707 (Tex. App.–San Antonio, 2004, pet. ref'd); *de la Rosa v. State*, 961 S.W.2d 495, 499 (Tex. App.–San Antonio 1997, no pet.) (applying *Van Arsdall* factors).

The *Van Arsdall* analysis is a three pronged test. First, the reviewing court must assume that the damaging potential of the lack of cross examination was fully realized. *See Davis*, 169 S.W.3d at 672. Second, with that assumption in mind, the court must review the error in connection with the following factors: (1) the extent for cross examination otherwise permitted; (2) the importance of the witness's testimony in the State's case; (3) whether the testimony was cumulative; (4) the presence or absence of evidence corroborating or contradicting material points of the witness's testimony; and (5) the overall strength of the State's case. *Id.* Finally, in light of the first two prongs, the court determines if the error was harmless beyond a reasonable doubt. *Id.* at 672–73 (citing *Van Arsdall*, 475 U.S. at 684, 106 S. Ct. 1431).[2]

In the instant case, the parties discussed the fact that Appellant's wife testified during a pretrial hearing. But there is no indication that Appellant cross examined her at that time. Further, the record does not reveal the subject matter of her testimony. But even had Appellant cross examined her at that time, the fact remains that she made her written statement after the hearing. Thus, any cross examination could not have been used to elicit testimony from her concerning her written statement.

Nonetheless, Appellant's wife's testimony was not critical to the State's case, and the material portions of it were cumulative of other testimony. At trial, C.R. testified that she moved in with her mother and Appellant when she was sixteen years old. She further testified that she began having sexual intercourse with Appellant the first night she lived in the house with him and her mother.[3] C.R. stated that after that time, she and Appellant regularly had sexual

---

[2] The *Van Arsdall* factors in the second prong of the analysis were developed in light of the particular facts there presented. *Davis* 169 S.W.3d at 673 n.8. Like factors in other contexts, the *Van Arsdall* factors do not always present a "one shoe fits all" analysis easily applied to every case. *Id.*

intercourse once or twice per week until she was thirty-one years old. C.R. further stated that there was a padlock on her bedroom door that was locked every night to "keep [her] in." Sheriff's Assistant Mary Jordan testified that she visited the scene and that there was evidence that a lock had been placed on C.R.'s bedroom door. Moreover, C.R. testified that Appellant is the father of her daughter, A.R. Lab results demonstrating Appellant's paternity of C.R.'s daughter were admitted into evidence as well. C.R. further testified that that she never consented to any of these sexual encounters and the reason these encounters were occurring was because her mother wanted to have another baby.

We have reviewed the entirety of the record. The State presented a strong case against Appellant. No evidence of record tends to contradict the material points of Appellant's wife's written statement, and these material points are cumulative of the testimony offered by C.R., Jordan, and other exhibits offered into evidence. Having assumed that the damaging potential of the lack of cross examination of Appellant's wife was fully realized and having considered the aforementioned factors, we conclude beyond a reasonable doubt that the error, if any, did not contribute to Appellant's conviction. Accordingly, we hold that any error by the trial court in admitting Appellant's wife's written statement was not reversible error.[4] Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] C.R. testified that her mother was sitting on the couch in the living room and Appellant grabbed her by the hand and led her to the bedroom where the two of them had sexual intercourse. A jury could conclude from this testimony alone that Appellant's wife knew the two of them were having intercourse.

[4] We likewise conclude that the trial court's admission of this statement over Appellant's hearsay objection was not harmful under Texas Rule of Appellate Procedure 44.1(a).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-15-00202-CR**

**CHARLES BENNETT, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 05CR-051)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*