# NO. 12-21-00236-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDAL WALTER WRIGHT, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Randal Walter Wright appeals his conviction for driving while intoxicated, third or more (DWI third or more). In one issue, he argues that his sentence is grossly disproportionate to the offense and constitutes cruel and unusual punishment. We affirm.

## BACKGROUND

On October 1, 2020, Appellant was indicted for DWI third or more, a third degree felony.[1] The indictment contained two enhancement paragraphs, alleging that Appellant had been previously convicted of two sequential felonies, which elevated his punishment range to twenty five years to life in prison.[2] On October 11, 2021, Appellant waived his right to a jury trial, pleaded "guilty" to the charged offense, and pleaded "true" to the enhancement allegations. The trial court accepted Appellant's plea of "guilty" and pleas of "true," ordered a presentence investigate report (PSI), and set the matter for a sentencing hearing before the court.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04 (West Supp. 2021) (driving while intoxicated), 49.09(b)(2) (West Supp. 2021) (enhanced offenses and penalties).

[2] *See id.* § 12.42 (d) (West 2019) ("... if it is shown on the trial of a felony offense...that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.").

On November 10, 2021, Appellant appeared before the trial court for sentencing. The trial court reviewed the PSI and heard testimony from Appellant's mother about Appellant's mental health and substance abuse struggles. In closing argument, the State pointed to the PSI, which summarized the circumstances surrounding the offense. According to the PSI, Appellant struck another vehicle, attempted to leave the scene, and in so doing, almost struck another vehicle. Appellant stopped and began emptying beers from his vehicle in an apparent attempt to conceal his alcohol consumption. When the police arrived on scene, Appellant, though clearly intoxicated, was belligerent and argumentative with the responding officers. In argument, the State emphasized Appellant's nineteen previous criminal convictions, including two for felony DWI, two for misdemeanor DWI, family violence, and assault. The State asked the trial court to sentence Appellant to fifty years of imprisonment.

Appellant, in closing, argued for leniency based upon his extensive mental health problems and substance abuse struggles. At the conclusion of the hearing, the trial court sentenced Appellant to forty years imprisonment. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the forty year sentence assessed by the trial court is grossly disproportionate to the offense and constitutes cruel and unusual punishment. The State counters that Appellant did not preserve this issue for appellate review because he did not object in the trial court.

In his brief, Appellant concedes he made no timely objection raising the issue of cruel and unusual punishment in the trial court and thus, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

"The legislature is vested with the power to define crimes and prescribe penalties." ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statue is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In this case, Appellant was convicted of DWI third or more, and pleaded "true" to two enhancement allegations. The sentence of forty years of imprisonment imposed by the trial court is within the applicable statutory, enhanced punishment range due to Appellant's two prior sequential felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 49.04(a), 49.09(b),(2) (West 2019 and West Supp. 2021). Therefore, Appellant's punishment is not prohibited as cruel, unusual, or excessive per se. *See **Harris***, 656 S.W.2d at 486; ***Jordan***, 495 S.W.2d at 952; ***Davis***, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Solem***, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the ***Solem*** test in light of the United States Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In ***Rummel***, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to

obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 285, 100 S. Ct. at 1145.

In this case, Appellant's offense—DWI third or more—is no less serious than the combination of offenses committed by the appellant in ***Rummel***, but Appellant's forty year sentence is significantly less than the life sentence upheld in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the ***Solem*** test. *See* ***McGruder***, 954 F.2d at 316; ***Jackson***, 989 S.W.2d at 845-46.

Finally, Appellant asserts that rights under Article I Section 13 of the Texas Constitution should be interpreted more broadly than rights under the Eighth Amendment. In support of this proposition, Appellant notes that Article I Section 13 prohibits "cruel *or* unusual punishment" while the Eighth Amendment prohibits "cruel *and* unusual punishment." The Court of Criminal Appeals has rejected the distinction Appellant proposes. *See* ***Cantu v. State***, 939 S.W.2d 627, 639 (Tex. Crim. App. 1997); *see also* ***Lewis v. State***, 448 S.W.3d 138, 147 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Therefore, an analysis of this issue under the Texas Constitution is identical to an analysis under the United States Constitution. *See **id.*** As we have previously determined that Appellant failed to preserve this issue for appeal, his sentence is within the statutory range of punishment, and that he failed to show that his sentence was constitutionally disproportionate, we overrule his sole issue.[3]

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

---

[3] Appellant's brief omits numerous factual circumstances that undoubtedly contributed to the trial court's sentencing determination. In Appellant's brief, the only relevant circumstances described are Appellant's struggles with alcohol abuse and mental health. He neglects to mention that this is his fifth DWI, his blood alcohol content was .187 (over twice the legal limit), his belligerence to the officers who asked him to provide a blood or breath sample, or his extensive criminal history which includes four prior DWI convictions in addition to convictions for assault and family violence. Omissions such as these could be considered a lack of candor towards the tribunal, a violation of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. RULES DISCIPLINARY P. R. 3.03(a)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2019).

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00236-CR**

**RANDAL WALTER WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1620-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*